IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBE IMPORTS LIMITED, INC., GLOBE PROPERTIES, and ROBERT MAXON,<br><br>    Plaintiffs,<br><br>    v.<br><br>ALLIED PROPERTY AND CASUALTY INSURANCE CO. and NATIONWIDE INSURANCE,<br><br>    Defendants.<br>_____/ | No. C 14-3676 CW<br><br>ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>(Docket No. 22) |

Defendant Nationwide Insurance[1] moves for partial summary judgment. Plaintiffs oppose the motion. Having considered the parties' submissions, the Court denies Defendant's motion.

BACKGROUND

The undisputed facts of this case may be simply stated. Plaintiffs owned three buildings in Eureka, California that were

---

[1] Counsel for Nationwide also represents the other named Defendant, Allied Property and Casualty Insurance Company, in this case. The two Defendants' relationships to each other and to the case are not clear from the filings presently before the Court. The motion for partial summary judgment was filed only on behalf of Defendant Nationwide.

damaged by a fire in December of 2006.  At the time of the fire, Plaintiffs held a commercial property insurance policy with Nationwide.  Plaintiffs filed a claim under this policy, thus beginning a multi-year negotiation regarding the valuation of the loss.  In June of 2009, Nationwide mailed two letters, each with a check enclosed, explaining its calculations and paying the balances due on the undisputed portion of the repair costs for two of the buildings, referred to by the parties as buildings one and three.  The parties continued their negotiations.  In November of 2009, Nationwide sent a letter regarding buildings one and three stating that Nationwide "will be closing this aspect of the claim."  Plaintiffs responded with a letter in December of 2009 requesting that Nationwide keep the files on buildings one and three open because Plaintiffs have "issues regarding payment."  Over subsequent years the parties continued corresponding and negotiating regarding the damage to building two.  The parties did not discuss buildings one and three until January of 2013, when Plaintiffs sent some information regarding those buildings as part of a "comprehensive package" addressing remaining issues on the entire insurance claim.  In September of 2013 Nationwide responded that it had closed its files on buildings one and three in 2009, that the policy's appraisal process was unavailable to resolve Plaintiffs' remaining disputes on the claim and that Plaintiffs' recourse was to seek a "judicial determination."

On October 1, 2013[2], Plaintiffs filed suit in the Superior Court of California, County of Humboldt, asserting that Defendants breached their contract in their handling of the claims with regard to all three buildings.  Defendants removed the case to this Court asserting diversity jurisdiction.  Defendant Nationwide now moves for partial summary judgment, arguing that the Court must dismiss Plaintiffs' claims regarding buildings one and three because the one-year statute of limitations contained in the policy as required by the California Insurance Code has passed.

## LEGAL STANDARDS

Summary judgment is appropriate only where the moving party demonstrates there is no genuine dispute as to any material fact and that judgment as a matter of law is warranted.  Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Material facts are those that might affect the outcome of the case, as defined by the framework of the underlying substantive law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for either party.  Id.

The moving party bears the initial burden of informing the district court of the basis for its motion and identifying those

---

[2] Plaintiffs and Defendant Nationwide request that the Court take judicial notice of the October 1, 2013 filing date, citing Federal Rule of Evidence 201.  These requests are GRANTED.  United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) (court may take judicial notice of public records, including records of other courts) (citing Fed. R. Evid. 201).

portions of the pleadings, discovery and affidavits that demonstrate the absence of a disputed issue of material fact. Celotex, 477 U.S. at 323. In opposing the motion, the non-moving party may not rely merely on the allegations or denials in its pleadings, but must set forth "specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 248 (citing Fed. R. Civ. P. 56(e)). The court must construe the evidence in the light most favorable to the non-moving party, making all reasonable inferences that can be drawn. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991); Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1289 (9th Cir. 1987).

## DISCUSSION

California Insurance Code sections 2070 and 2071 require all fire insurance contracts to contain a one-year statute of limitations on legal actions arising under those contracts. In Prudential-LMI Com. Ins. v. Superior Ct., the California Supreme Court held that the above-cited code provisions establish (1) that the one-year statute of limitations begins running at the inception of the loss, and (2) that the limitation period is "equitably tolled from the time the insured files a timely notice, pursuant to policy notice provision, to the time the insurer formally denies the claim in writing." 51 Cal. 3d 674, 679 (1990). In Prudential, as in the case presently before the Court,

4

the insured and insurer undertook a prolonged negotiation to determine coverage and the amount of loss; the California Supreme Court described the moment equitable tolling ceased as the moment when the insureds' "claim was denied unequivocally." Id. at 692. Of course, not all fire insurance claims are denied; if the parties settle the claim, equitable tolling ceases when the final payment is made. Marselis v. Allstate Ins. Co., 121 Cal. App. 4th 122, 125 (2004).

Defendant Nationwide argues that equitable tolling ceased, and the statute of limitations resumed, on November 13, 2009, when Nationwide sent Plaintiffs a letter stating that Nationwide had closed its files on buildings one and three. At that point, Nationwide argues, it had made its final payment and the letter unequivocally notified Plaintiffs that their claim for further payments was denied.

The Court cannot grant Nationwide's motion for partial summary judgment. In making this argument, Nationwide seeks to take Plaintiffs' single claim, brought under their single policy for losses suffered due to a single fire and divide the claim into individual assets for purposes of calculating the statute of limitations to file suit. Nationwide argues that equitable tolling ceased for buildings one and three even though negotiations regarding the remainder of Plaintiffs' claim, that for building two, were ongoing. Nationwide cites no legal authority for dividing the claim into individual assets for the

5

purpose of calculating when a claim accrues.  In their opposition, Plaintiffs expose the lack legal authority in support of this fundamental point of Nationwide's motion and Nationwide replies only that Plaintiffs' argument is "belied by the facts." Certainly, the undisputed facts may show that Plaintiffs did not actively pursue further compensation for buildings one and three from November 2009 to September 2013.  However, absent authority that such inaction has legal import when Plaintiffs were actively addressing other portions of their claim, Nationwide cannot prevail in partial summary judgment.  Nationwide has not shown entitlement to judgment as a matter of law.

                          CONCLUSION

     For the foregoing reasons, the Court DENIES Nationwide's motion for partial summary judgment.

     IT IS SO ORDERED.

Dated: February 19, 2015            _____
                                    CLAUDIA WILKEN
                                    United States District Judge