IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GLOBE IMPORTS LIMITED, INC.,
GLOBE PROPERTIES, and ROBERT
MAXON,

      Plaintiffs,

    v.

ALLIED PROPERTY AND CASUALTY
INSURANCE CO. and NATIONWIDE
INSURANCE,

      Defendants.

_____/

No. C 14-3676 CW

ORDER ON
DISPOSITIVE MOTION
AND MOTIONS IN
LIMINE

(Docket Nos. 56
and 60)

    Although the parties did not file dispositive motions in accordance with the deadline, the Court permitted them to file dispositive motions to be heard at the final pretrial conference, less than two weeks before the start of a bench trial.

    The Court makes the following rulings about the scope of the trial:

    1. Building 1's Non-Covered Expenses are no longer at issue because the parties agree that they are not disputed.  The trial shall not address the following items: set heater, light fixtures, electrical supplies, lighting allowance, replacement lighting fixtures, first class drywall, replacement of walls and New Life Services.  See Docket No.

60, Opening Br., at 6; Docket No. 66, Response Br., at 6 & n.3.

2. Four of Building 2's expenses relating to costs to comply with an ordinance or law are no longer at issue because the parties agree that they are not disputed.  The trial shall not address the following items: fire sprinklers, fire sprinklers underground and riser, smoke detectors and fire alarm system.  Opening Br. at 8-9; Response Br. at 11.

3. There is no genuine dispute of material fact that a concrete handicap ramp that would cost $9,297 for Building 2 falls within the exclusion for "walks, patios or other paved surfaces."  See Docket No. 60-10 Ex. A at 33; Opening Br. at 9.[1]  Globe argues that it is entitled to payment for the handicap ramp because, under the contract, Nationwide agreed to pay for "[w]alks, roadways and other paved surfaces" in the event of a collapse.  Docket No. 60-10 Ex. A at 56.  However, the contract provides that Nationwide will pay if collapse is caused by decay, insect or vermin damage, weight of people or personal property, weight of rain that collects on roof, or use of defective material or methods in construction.  Id.  Thus, the Court grants partial summary adjudication on this issue in favor of Nationwide.

Nationwide did not meet its initial burden to obtain summary adjudication on the following issues for the following reasons:

---

[1] Because the Court grants summary judgment, the related motion in limine as to the handicap ramp is moot.  Docket No. 56 at 5.

United States District Court
For the Northern District of California

1. Nationwide did not cite an ordinance or law that would place the costs relating to Building 1 under the ordinance or law limitation.[2]

2. Nationwide did not meet its burden to dispose of the list of Building 1 items that "do not fall within the Nationwide insuring agreement" because it presented no evidence that the items were not fire damaged. <u>See</u> Opening Br. at 7.

3. Nationwide presented no evidence that the Building 1 costs purportedly related to excavation actually constituted "excavation" warranting exclusion. <u>See</u> Opening Br. at 8.[3]

4. Nationwide did not cite an ordinance or law that would place "utilities hookup" under the ordinance or law limitation, nor show that it was a "betterment."

5. Nationwide has not shown that the geotechnical engineering report falls outside of the insuring agreement.

The Court denies Nationwide's dispositive motion as to the following issues because a genuine dispute of material fact exists:

1. Painting expenses for Building 1[4];

---

[2] For the same reason, the Court denies Nationwide's related motion in limine. <u>See</u> Docket No. 56 at 3-4.

[3] The Court denies Nationwide's related motion in limine as it relates to the charges for "Demo and remove brick footing" and "Underground phone work." <u>See</u> Docket No. 56 at 6.

United States District Court
For the Northern District of California

2. The tenant's sign on Building 2[5];

3. Functional equivalents (primarily the cost of redwood for Building 2[6])[7];

4. Whether "Excavation, Fill, Demo" falls under a coverage exclusion and/or relates to a below-surfaced foundation[8];

5. Whether Globe is entitled to payment for depreciation on Building 2.

It is not necessary for the Court to reach the evidentiary objections not discussed in this order.  Further, because it is

_____

[4] Nationwide objects to paragraphs seventeen through nineteen of the Declaration of Robert Maxon filed in opposition to the dispositive motion.  Docket No. 79 ¶ 1(o)-(q).  The Court agrees that Maxon's statement about the painting contractor's testimony at trial is inadmissible.  However, the Court overrules Nationwide's objections relating to Building 1's pre-fire condition, Maxon's knowledge of the painting contractor's work and the cost of painting a small portion of Building 1 in 2002.

[5] Nationwide filed a motion in limine that relates to the sign.  See Docket No. 56 at 8.  Because it is not clear whether this sign was covered property "in or on the building," Docket No. 60-10 Ex. A at 33, the Court denies the motion in limine as to the tenant sign.

[6] The Court declines to address Nationwide's evidentiary objections relating to expert witness testimony here; it will address those issues at trial based on the witnesses' testimony, as needed.

[7] Because the Court will decide at trial how the concept of replacement costs applies to Building 2, the Court denies Nationwide's related motion in limine.  See Docket No. 56 at 1-2.

[8] Relatedly, the Court denies Nationwide's motions in limine to exclude evidence of costs for excavation, grading, backfilling and filling as to the concrete perimeter foundation, the concrete floor slab and the handicap ramp, see Docket No. 56 at 6, as well as its motion in limine to exclude evidence of costs relating to below-surfaced foundations, see id. at 7.

**United States District Court**
For the Northern District of California

not clear from any pretrial filing that Globe seeks recovery for replacement of underground pipes, the Court declines to issue a ruling on the motion in limine regarding pipe replacement.  Docket No. 56 at 9.

      IT IS SO ORDERED.



Dated: January 19, 2016

CLAUDIA WILKEN
United States District Judge